ORDER
FORDHAM, JUDGE:
An application of claimant Steven R. Baisden, spouse of victim Edwina Joy Baisden, for an award under the West Virginia Crime Victims Compensation Act, was filed April 8, 2005. The report of the Claim Investigator, filed June 28, 2006, recommended that no award be granted, to which the claimant filed no response. An Order was issued on August 24,2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant filed no request for hearing.
On February 13, 2007, victim advocate Jeanie Christian of Logan County filed an appeal on behalf of the victim’s parents, Edwin and Helen Bias, who had received no notice of this Court’s initial denial of the claim. The Court accepted the appeal, and the matter came on for hearing June 27, 2007. The claimant appeared in person and by counsel James A. Walker, and the State of West Virginia was represented by counsel Benjamin F. Yancey III, Assistant Attorney General.
On January 20, 2005, 28-year-old Edwina Joy Baisden was the victim of criminal conduct in Coal Branch, Logan County. According to testimony during the criminal trial of one of the defendants in Logan County Circuit Court, it was alleged that the claimant’s daughter was “doing drugs and alcohol” when she passed out. Her friends panicked, stuffed her into the trunk of a vehicle, and set it on fire, killing her. In the criminal case, one of the defendants blamed another. Apparently, the co-defendant gave different versions of what had occurred, and the jury found the other defendant not guilty. The truth of what actually happened may never be known.
*324 In its initial decision, this Court found that by engaging in illegal drug activity, the victim Edwina Joy Baisden was guilty of “contributory misconduct,” a basis for denial of an award under W.Va. Code § 14-2A-14(f). Such has been the ruling of this Court in prior claims. However, the circumstances giving rise to this tragic incident point to a different result.
Even if the claimant’s actions prior to her death constituted criminal activity such that an award of victim compensation should, and would be, denied, it is the finding of this Court that the claimant, once she lost consciousness, could in no way have contributed to her subsequent demise. Her ability to think and make decisions was gone, and at that point, she did become the innocent victim of murder.
The Court is convinced by the evidence to reverse its previous ruling. The only economic losses sustained were for funeral and burial expenses totaling $4,660.82. Accordingly, it is hereby ORDERED that an award in that sum be granted as set forth below.
Forest Lawn Cemetery
Box 310
Pecks Mill WV 25547
FEIN: 55-0344738
FIMS: 54479.$2,358.00
Edwin Bias
P.O. Box 266
Switzer WV 25647.$2.302.82
Total.$4,660.82